UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-439-FDW

| | |
|---|---|
| STEPHON ISSAC FARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CHRISTOPHER MURRY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's correspondence that was docketed on December 21, 2016, as a motion for reconsideration, (Doc. No. 9).

The pro se Plaintiff is presently serving a 28-year term of imprisonment for a 2008 North Carolina second-degree murder conviction. Plaintiff alleges in his complaint, which was postmarked September 18, 2015, and docketed on September 22, 2015, that he was subjected to excessive force by one or more of the defendants. (Doc. No. 1). Plaintiff alleges in the complaint that he filed a grievance regarding the incident on May 26, 2015, and that he "appealed on 7-16-15 to the secretary and as of 9-17-15 I haven't received a response." (Doc. No. 1 at 2). The Court ordered Plaintiff to file either a sworn statement under penalty of perjury or a copy of the grievance demonstrating exhaustion. (Doc. No. 3). Plaintiff filed a verified statement alleging that he has exhausted his administrative remedies and attached an Administrative Remedy Procedure form indicating that he received a Step-One Response on June 11, 2015, and a Step-Two Response on

1

July 6, 2015, both of which he appealed.[1]  (Doc. No. 4 at 2).

On December 9, 2016, the Court issued an Order dismissing the complaint because, "[i]n his complaint, Plaintiff admits that he did not exhaust his administrative remedies prior to filing the complaint…." (Doc. No. 7).

In the instant correspondence, which is in the nature of a Rule 59(e) motion for reconsideration, Plaintiff contends that the Court erred by dismissing the suit because he exhausted his administrative remedies before filing the complaint. (Doc. No. 9).  Specifically, he asserts that this action was filed on November 10, 2015, that the first grievance step was filed on May 26, 2015, and that the final grievance step was completed on October 27, 2015, fourteen days before the complaint was filed.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350,

---

[1] The dates on which he requested the appeals are illegible.

351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The motion for reconsideration is based on a factual assertion that the complaint was filed on November 10, 2015, which is conclusively refuted by the record. Further, Plaintiff's allegation that the grievance procedure was completed on October 27, 2015, is unverified and Plaintiff has failed to file a copy of that grievance. See (Doc. No. 3). Even if he had done so, this information would have been unavailing because the complaint was filed more than a month before the alleged finality date of October 27, 2015. Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does the motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. In sum, the Court will deny the Plaintiffs' motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration, (Doc. No. 9), is **DENIED**.

Signed: July 13, 2017

Frank D. Whitney
Chief United States District Judge